UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Global Graphic Resources LLC and Daryl K. Hanzal, | Case No. 18-cv-2710 (WMW/SER) |
| Petitioners, | **ORDER GRANTING MOTION TO TRANSFER VENUE** |
| v. | |
| Triunfo, Inc., f/k/a Catalina Graphic Films, Inc., | |
| Respondent. | |

Two motions are before the Court in this matter. Respondent Triunfo, Inc., formerly known as Catalina Graphic Films, Inc. (Catalina), moves to transfer this case to the United States District Court for the District of Nevada, and Petitioners Global Graphic Resources LLC and its sole member Daryl K. Hanzal (collectively, GGR) move to compel arbitration. For the reasons addressed below, the Court grants Catalina's motion to transfer venue and declines to address GGR's motion to compel arbitration.

## BACKGROUND

In November 2017, Catalina, a manufacturer, and GGR, a sales and distribution company, executed two contracts—the "Sales Representative Agreement" and the "Consulting Agreement." These contracts granted GGR exclusive rights to sell Catalina products in certain areas of the Midwest ("the Assigned Territory"). In March 2018, Nekoosa LV, LLC, acquired Catalina. According to GGR, Nekoosa refused to be bound

by the Sales Representative Agreement that gave GGR exclusive rights to sell Catalina products in the Assigned Territory.

GGR subsequently mailed Catalina a written demand for arbitration, asserting claims including breach of contract, intentional misrepresentation, and violation of the Minnesota Termination of Sales Representatives Act (MTSRA), Minn. Stat. § 325E.37. The demand also sought declaratory relief to prevent Catalina from improperly terminating the Consulting Agreement and continue payments under the Consulting Agreement until at least December 31, 2020. GGR subsequently initiated an action to compel arbitration. Minn. Stat. §§ 572B.05, 572B.07.

Having removed the case from state to federal court, Catalina now moves to transfer to the United States District Court for the District of Nevada. GGR counters with its motion to compel arbitration.

## ANALYSIS

### I.  Order of Motions

Absent "extraordinary circumstances unrelated to the convenience of the parties," a motion to transfer venue to enforce a valid forum-selection clause should be granted. *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). On these grounds, Catalina argues that its motion to transfer venue must be decided first, notwithstanding GGR's motion to compel arbitration.

Citing *Rodgers v. Silva*, 920 N.W.2d 664 (Minn. Ct. App. 2018), GGR counters that, when the arbitrability of a dispute is raised, that issue must be decided before the Court takes any other action. The *Rodgers* court held that a district court erred by granting a

motion to dismiss for failure to state a claim when one of the parties moved to compel arbitration pursuant to an arbitration agreement. But *Rodgers* does not hold that a district court may *only* decide the arbitrability of a dispute once it has been raised. Rather, the *Rodgers* court held that a district court may not decide the *merits* of a dispute when it appears that the parties are bound by an enforceable arbitration agreement. 920 N.W.2d at 666-67.

The circumstances here are distinguishable from those in *Rodgers* in at least two respects. First, Catalina's motion to transfer venue does not implicate the merits of the underlying dispute. Second, an arbitration agreement between the parties does not exist here. Instead, GGR's efforts to compel arbitration are grounded in MTSRA, Minn. Stat. § 325E.37. GGR argues that Section 325E.37 confers a "non-waivable right" on a sales representative to submit claims arising under the MTSRA to arbitration. Whether the MTSRA provides a sales representative a statutory "right" to arbitrate such claims is an issue of first impression that the Court need not address here. GGR's demand for arbitration raises multiple claims, only one of which arises under the MTSRA; and, unlike the dispute in *Rodgers*, it has not been established that GGR's dispute with Catalina is arbitrable, either in whole or in part.

Because there is no basis to conclude that the act of filing a motion to compel arbitration, without more, presents "extraordinary circumstances" that preclude the enforcement of a valid forum-selection clause, the Court turns to Catalina's motion to transfer venue.

## II. Catalina's Motion to Transfer Venue

When a valid forum-selection clause is implicated, it is entitled to "controlling weight in all but the most exceptional cases" because it "represents the parties' agreement as to the most proper forum." *Atl. Marine*, 571 U.S. at 63 (internal quotation marks omitted).[1] Here, the burden to demonstrate why the Court should not transfer the case rests with GGR, the party opposing enforcement of the forum-selection clauses. *Id.* at 64.

GGR argues that the forum-selection clauses are void and unenforceable because they purport to waive GGR's right to submit its claims to arbitration under the MTSRA. Even if MTSRA confers such a right, however, the Court is not persuaded that enforcing the forum-selection clauses in the parties' contracts would constitute a waiver of GGR's right to arbitrate. Arbitrability is a threshold question on a motion to compel arbitration. *See Eckert/Wordell Architects, Inc. v. FJM Props. of Willmar, LLC*, 756 F.3d 1098, 1100 (8th Cir. 2014). Absent the parties' agreement to submit the question of arbitrability to an arbitrator, the Court must determine whether a dispute is arbitrable. *Id*. But GGR does not address why the arbitrability of this dispute must be decided by this Court, rather than the United States District Court for the District of Nevada. If the parties' dispute is arbitrable, GGR may exercise its right to arbitrate after the case is transferred to the District of Nevada.

Federal courts have a strong policy of enforcing forum-selection clauses. *See Atl. Marine*, 571 U.S. at 62-66 (discussing the reasons why forum-selection clauses should be enforced in all but the most "unusual cases"). Without more, a state statute's "antiwaiver

---

[1] Absent a governing forum-selection clause, a district court considers the convenience of the parties and certain public-interest factors when addressing a motion to transfer venue. *See* 28 U.S.C. § 1404(a); *Atl. Marine*, 571 U.S. at 62-64.

4

provision . . . does not supersede the strong federal policy of enforcing forum-selection clauses." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1090 (9th Cir. 2018). As the Ninth Circuit reasoned, a preference for anti-waiver provisions over a forum-selection clause would "contradict *Atlantic Marine*'s general rule that forum-selection clauses are enforceable except in the exceptional case." *Id.* at 1090 n.7.

A forum-selection clause is enforceable here, a case governed by MTSRA, as MTSRA is silent as to forum-selection clauses or venue. *See Ferguson-Keller Assocs. Inc. v. Plano Molding Co.*, 274 F. Supp. 3d 916, 921 (D. Minn. 2017) (enforcing a forum-selection clause in a dispute involving a MTSRA claim). Without any language to the contrary, MTSRA's protection of sales representatives cannot establish a legislative intent, or any authority, to govern forum-selection clauses. *See, e.g.*, *TLE Mktg. Corp. v. WBM, LLC*, No. 17-cv-3812, 2017 WL 5499771, at *2 (D. Minn. Nov. 16, 2017).

Because this is not the "exceptional case" where a forum-selection clause should not be enforced, the Court grants Catalina's motion to transfer venue and declines to rule on GGR's motion to compel arbitration.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Respondent's motion to transfer, (Dkt. 6), is **GRANTED**. This case is **TRANSFERRED** to the United States District Court for the District of Nevada.

Dated: July 1, 2019            s/Wilhelmina M. Wright
                                                                  Wilhelmina M. Wright
                                                                  United States District Judge